IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DR. ROGER D. BLACKWELL,

    Petitioner,

v.                                                               Civil Action No. 2:10cv54

JOEL ZIEGLER, Warden,

    Respondent.

## ORDER

On July 27, 2010, Magistrate Judge John S. Kaull filed his Report and Recommendation, wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the Report and Recommendation. Petitioner filed his objections on August 4, 2010.

Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised by the petitioner's Application for Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 and challenging the BOP's designation of Petitioner to a RRC (Residential Release Center) for less than the maximum allowable twelve months, and the Respondent's Motion to Dismiss or for Summary Judgment, were thoroughly considered by Magistrate Judge Kaull in his Report and Recommendation. Upon review of the petitioner's objections, the Court finds that the petitioner has not raised any issues that were not already throughly considered and addressed by the Magistrate Judge in his Report and Recommendation.

More particularly, in his objections, the petitioner reiterates his arguments that there is a financial benefit to the BOP staff in limiting RRC placements, thus creating a conflict of

interest; that the BOP is acting contrary to congressional intent; and that the BOP's position that an inmate's re-entry needs can usually be met in six months or less is arbitrary. Petitioner also argues in his objections that the Magistrate Judge's Report and Recommendation does not consider his unique arguments. As more thoroughly set forth in the Magistrate's Report and Recommendation, the Court cannot intervene in prison management, including the decisions regarding placement of an inmate in a RRC, absent a clear constitutional violation. The Court finds no such constitutional violation here. Several courts, as found by the Magistrate Judge, have specifically held that the BOP's policies regarding placement in RRC's does not violate standing federal law or frustrate congressional intent. Specifically, in *Ramos v. Holt*, 2010 WL 2471707, the Middle District of Pennsylvania stated, "[w]hile the Act authorizes 12-month RRC placements by the Bureau of Prisons, it does not mandate them. Instead, the Act expressly and repeatedly emphasizes that the Bureau of Prisons retains full discretion in identifying when and how inmates are placed at RRCs." *Id.* at 10. Upon review of applicable federal law, this Court agrees.

Upon review of the facts specific to this case, the Court agrees with the Magistrate Judge's finding that the decision to place an inmate in a RRC provides no financial benefit to the staff members making the referral and that the petitioner can show no personal interest, financial or otherwise, that would raise any constitutional concerns. Further, the Court concurs with the Magistrate Judge's finding that the petitioner in this matter received individualized consideration of his RRC placement in fulfillment of the basic requirements of the Act. The Magistrate Judge specifically set forth the findings made by the staff in determining the petitioner's RRC placement, thus reviewing and addressing the facts of this

specific case while applying them to the law applicable in all similar matters. Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this action. The BOP's determination of the petitioner's placement in a RRC constitutes no clear constitutional violation. Therefore, it is

**ORDERED** that Magistrate Judge Kaull's Report and Recommendation (Doc. 30) be, and the same hereby is, accepted and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that Respondent's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 9) shall be, and the same hereby is, **GRANTED**. It is further

**ORDERED** that the petitioner's § 2241 petition shall be, and the same hereby is, **DENIED** and **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Clerk shall enter judgment for the Respondent. It is further

**ORDERED** that the above-styled action shall be **STRICKEN** from the docket of this Court. It is further

**ORDERED** that, if a party should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions

of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to all parties appearing herein.

**DATED:** August 25, 2010

United States District Judge